UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R.M.J., | No. 1:25-cv-1567-DC-SCR |
| Petitioner, | |
| v. | ORDER |
| MINGA WOFFORD, et al., | |
| Respondents. | |

Petitioner, an immigration detainee who is proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned on November 26, 2025. ECF No. 10.

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1] Because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondents will be directed to show cause why the writ should not be granted by filing an answer/return within 20 days from the date of this order. See 28 U.S.C. § 2243. Petitioner may file a reply/traverse to the answer/return within 14 days after being served a copy of it.

---

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

1

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondents are directed to file an answer/return within 20 days from the date of this order. If an answer/return is filed, respondents shall include with the answer/return any and all transcripts or other documents relevant to the determination of the issues presented in the application.

2. Petitioner's reply/traverse, if any, is due within 14 days after being served a copy of respondent's answer/return.

3. Among other issues, the parties should address whether Judge Coggins' determination in the order denying petitioner's motion for a temporary restraining order (ECF No. 10 at 10-11) that when a noncitizen is re-detained under either 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13 the Due Process Clause does not impose a pre-deprivation hearing requirement is "law of the case" precluding the undersigned from finding otherwise. See Ctr. for Biological Diversity v. Salazar, 706 F.3d 1085, 1090 (9th Cir. 2013) ("Generally, 'decisions at the preliminary injunction phase do not constitute law of the case' because 'a preliminary injunction decision is just that: preliminary.'") (quoting Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U.S. Dep't of Agr., 499 F.3d 1108, 1114 (9th Cir. 2007)); but see Ranchers Cattlemen, 499 F.3d at 1114 ("A fully considered appellate ruling on an issue of law made on a preliminary injunction appeal ... become[s] the law of the case for further proceedings in the trial court on remand and in any subsequent appeal").

4. Absent a further order of the court, the petition will be taken under submission after the filing of the reply/traverse.

5. Petitioner's motion to proceed under a pseudonym (ECF No. 3) is GRANTED.

6. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that

////

federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: December 8, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE